IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRICK HALL, | : | |
| | : | |
| Plaintiff, | : | Honorable J. Curtis Joyner |
| | : | |
| v. | : | No. 17-CV-4738 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

Procedural History

Plaintiff is Darrick Hall, an individual presently incarcerated by the Commonwealth of Pennsylvania, Department of Corrections ("the Department") at the State Correctional Institution at Graterford ("SCI-Graterford") for Murder in the First Degree. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of Pennsylvania on October 23, 2017. See Doc. 1. Plaintiff's counsel personally served the Complaint upon the named Defendants on November 2, 2017. See Docs. 2-4.

On November 20, 2017 Plaintiff filed a Motion for Preliminary Injunction seeking his removal from the Capital Case Unit and transfer to a general population housing unit. See Doc. 9.

Statement of Alleged Facts

Plaintiff contends that a preliminary injunction is proper because he is likely to succeed on the merits of his Eighth and Fourteenth Amendment claims

1

regarding his continued confinement in the Capital Case Unit. See Doc. 9. Plaintiff also avers that he has suffered and will continue to suffer irreparable harm to his mental and physical health if his confinement status is not changed. Id.

## Statement of Questions Presented[1]

1. Should the injunction request be denied because Plaintiff has not established a likelihood of success on his constitutional claims, and because Courts of this Circuit have already denied similar injunctions?

2. Should the injunction request be denied because granting the relief Plaintiff seeks will result in even greater harm to the nonmoving party?

## Standard of Review

A request for a preliminary injunction is governed by Rule 65 of the Federal Rules of Civil Procedure, and is judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also, Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001);

---

[1] All questions presented are respectfully requested to be answered in the affirmative.

Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain this burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a

reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied because a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Where the requested preliminary injunction "is directed not merely at preserving the status quo but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688

F.2d 204, 212 (3d Cir. 1982). Thus, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995). Furthermore, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997).

Therefore, in a case such as this, where the inmate-"plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] plaintiff cannot demonstrate that [s]he will suffer irreparable harm if [s]he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this court, upon consideration of defendants' motion[s] . . ., or at trial. As a result, plaintiff's motion for preliminary injunction should be denied." Messner v. Bunner, et al., 2009 WL 1406986, at *5 (W.D.Pa. May 19, 2009).

Argument

1. The injunction request should be denied, because Plaintiff has not established a likelihood of success on his constitutional claims, and because Courts of this Circuit have already denied similar injunctions.

Plaintiff's injunction request should be denied, because he has failed to establish a reasonable probability of success on the merits. "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of

Case 2:17-cv-04738-JCJ   Document 18   Filed 12/04/17   Page 6 of 13

action. See Punnett v. Carter, 621 F.2d 578, 582–83 (3d Cir.1980). Whether success is likely requires examination of the legal principles controlling the claim and potential defenses available to the opposing party. See BP Chems., 229 F.3d at 264." McCahon v. Pennsylvania Tpk. Comm'n, 491 F. Supp. 2d 522, 526 (M.D. Pa. 2007). Thus, to satisfy this element , "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975) holding modified by Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994). However, "[a]lthough the plaintiff need not prove their case with 'airtight certainty,' the moving party nevertheless 'bears a heavy burden on a motion for a preliminary injunction.' Punnett v. Carter, 621 F.2d 578, 588 (3d Cir. 1980)." Synthes, Inc. v. Gregoris, 228 F. Supp. 3d 421, 429 (E.D. Pa. 2017).

Plaintiff contends that his continued confinement in the Capital Case Unit is contrary to Williams v. Secretary, PA Department of Corrections, et al., 848 F.3d 549 (3d Cir. 2017) and that the conditions he experiences there are generally violative of the Eighth Amendment. Plaintiff is not likely to succeed on the merits of this claim based upon the Williams decision, because Plaintiff's situation is objectively distinguishable from the inmates involved in that case. Generally, the court in Williams held that prisoners who had previously received relief as to either their capital convictions or sentences, and no longer had active execution sentences, could not be confined in the Capital Case Unit. Id. Although in the

...

action. See Punnett v. Carter, 621 F.2d 578, 582–83 (3d Cir.1980). Whether success is likely requires examination of the legal principles controlling the claim and potential defenses available to the opposing party. See BP Chems., 229 F.3d at 264." McCahon v. Pennsylvania Tpk. Comm'n, 491 F. Supp. 2d 522, 526 (M.D. Pa. 2007). Thus, to satisfy this element , "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975) holding modified by Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994). However, "[a]lthough the plaintiff need not prove their case with 'airtight certainty,' the moving party nevertheless 'bears a heavy burden on a motion for a preliminary injunction.' Punnett v. Carter, 621 F.2d 578, 588 (3d Cir. 1980)." Synthes, Inc. v. Gregoris, 228 F. Supp. 3d 421, 429 (E.D. Pa. 2017).

Plaintiff contends that his continued confinement in the Capital Case Unit is contrary to Williams v. Secretary, PA Department of Corrections, et al., 848 F.3d 549 (3d Cir. 2017) and that the conditions he experiences there are generally violative of the Eighth Amendment. Plaintiff is not likely to succeed on the merits of this claim based upon the Williams decision, because Plaintiff's situation is objectively distinguishable from the inmates involved in that case. Generally, the court in Williams held that prisoners who had previously received relief as to either their capital convictions or sentences, and no longer had active execution sentences, could not be confined in the Capital Case Unit. Id. Although in the

present case, Plaintiff has received habeas relief in the form of a vacated execution sentence, significantly, Plaintiff's habeas relief is stayed by the simultaneously filed cross-appeals taken by the Commonwealth and himself in the Third Circuit, docketed at 14-9006/9007.[2] Plaintiff's execution sentence is therefore active, because the habeas relief issued by the District Court is stayed by the cross-appeals. Significantly, one of Plaintiff's appeals was placed into civil suspension because of the current moratorium on executions, partly based upon Plaintiff's acquiescence to civil suspension status. Therefore, Plaintiff's success on the merits of this claim would require this Court to carve out an exception unique to him and in contrast to the Third Circuit's decision in Williams.

Plaintiff is also unlikely to succeed on the merits of his claims regarding the conditions of his confinement. The Third Circuit has already determined that the conditions of confinement of prisoners housed in the Capital Case Unit at SCI-Graterford meet the strict standards of the Eighth Amendment. See Peterkin v. Jeffes, et al., 855 F.2d 1021 (3d Cir. 1988). In Peterkin, the Court of Appeals was specifically tasked with determining whether the District Court properly determined that the conditions of the Capital Case Unit at SCI-Graterford did not violate the Eighth Amendment; the Court of Appeals agreed with the District Court. Id. In so finding, the Third Circuit examined several factors closely related

---

[2] Pursuant to Eastern District of Pennsylvania Local Rule 9.4(12), the District Court granted a certificate of appealability regarding the order vacating Plaintiff's death sentence, therefore, the Local Rule requires that a stay must be granted pending disposition of the appeal. See L.R. 9.4(12)

to the experiences of the prisoners housed in the Capital Case Unit, which are factors similarly averred by Plaintiff as evidence of constitutionally substandard conditions. These factors included: cell conditions, cell time and prisoner activities, and physical exercise and recreation. In each instance, the Third Circuit found the conditions of the Capital Case Unit at SCI-Graterford to be constitutionally adequate. Plaintiff's success on the merits of this claim would require this Court to effectively overrule standing precedent established by the Third Circuit.

Perhaps most significantly, Plaintiff is unlikely to succeed on the merits of his claims because another inmate in Plaintiff's particular situation seeking similar relief has been recently denied. Earlier this fall, in the Western District of Pennsylvania, inmate Ernest Porter, confined in the Capital Case Unit at SCI-Greene, sought an injunction to be removed from that unit, because he had received habeas relief. <u>Porter v. PA Dept. of Corr., et al</u>., 2017 WL 4099784. Porter's execution sentence was vacated by a District Court, just as Plaintiff's was. Porter sought injunctive relief based upon <u>Williams</u>, just as Plaintiff has. Porter's injunction request was denied, because he failed to show a likelihood of success on the merits, just as Plaintiff has. Specifically, the Western District Court noted that Porter's habeas relief was stayed by cross-appeals filed by the Commonwealth and Porter to the Third Circuit, noting:

> "Consequently, the Order vacating Plaintiff's death sentence was stayed pending the outcome of those appeals. The record shows that those appeals are still pending and thus the Order vacating Plaintiff's

death sentence remains stayed. Plaintiff's death sentence therefore is still operative and his continued confinement in the CCU does not violate <u>Williams</u>. Under these circumstances, Plaintiff is unable to show that he is likely to succeed on the merits of his claim and injunctive relief is not warranted."

<u>Porter</u>, at *2.

Accordingly, Plaintiff has failed to establish a likelihood of success on the merits on all fronts – <u>Williams</u> does not provide Plaintiff the relief he asserts it does. The Third Circuit has already upheld the conditions of confinement in Plaintiff's housing unit to be constitutional. And, moreover, an inmate in an identical situation to Plaintiff was recently denied similar injunctive relief, further diminishing the perceived likelihood of Plaintiff's success. The injunction should be denied.

2. The injunction request should be denied because granting the relief Plaintiff seeks will result in even greater harm to the nonmoving party.

Plaintiff's requested relief – to be removed from the Capital Case Unit and rehoused in general population – would result in greater harm to the Defendants and the Department. Plaintiff seeks this Court to enter an order that dramatically and severely usurps the authority of prison administration from the Department and would vest it instead in the Courts. "Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." <u>Gomes v. Fair</u>, 738 F.2d 517, 524 (1st Cir. 1984). "So long as reasonable and effective means of communication remain open and no

discrimination in terms of content is involved, we believe that, prison officials must be accorded latitude." Pell v. Procunier, 471 U.S. 817, 826 (1973). "The role of the courts…is to enforce constitutional standards and to protect the constitutional rights of prisoners. But this role does not include 'second-guessing prison administration.' or becoming 'enmeshed in the minutiae of prison administrators.'" Tillery v. Owens, 719 F. Supp. 1256, 1261 (W.D. Pa. 1989) (internal citations omitted).

The appropriate housing of inmates is a discretionary task at the core of internal prison management, and one most appropriately conducted by prison administrators. It is those administrators who possess the expertise, experience, and ready access to volumes of data relative to the proper housing of inmates that are most suitably charged with the decisions at issue in this request. Stripping that decision-making authority from prison administrators, and vesting it with the Court as Plaintiff seeks to do, would create judges as de-facto prison administrators, and produce an unworkable logistical situation of prison administration.

If Plaintiff prevails, and this Court directs that he be removed from the Capital Case Unit, does this Court also decide what unit is ultimately most appropriate for him? If the prison chooses to house Plaintiff in a different unit to which he objects, can the Court overrule the decision of prison administrators? Does Plaintiff prospectively address any future housing issues with the Superintendent of his facility or with the Court, should the Court do as Plaintiff

intends and assume the decision-maker role regarding inmate housing? These difficult questions – and others that cannot yet be conceived – are the inevitable and logical outcomes of this Court turning away from decades of precedential law regarding the separate roles of prison administrators and the courts. It is in this way that the non-movants, the Defendants and the Department as a whole, would suffer great harm should this Court grant Plaintiff's request.

## Conclusion

For all of the above reasons, it is respectfully requested that the Court deny Plaintiff's request for injunctive relief.

Respectfully submitted,

Office of General Counsel

/s/ Joseph Fulginiti
Joseph Fulginiti, Assistant Counsel
Attorney ID No.: 208039
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: josfulgini@pa.gov

/s/ Maria Macus
Maria Macus, Assistant Counsel
Attorney ID No.: 90947
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: mmacus@pa.gov

/s/ Chase Defelice
Chase Defelice, Assistant Counsel
Attorney ID No.: 209135
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: chdefelice@pa.gov

Date: December 4, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRICK HALL, | : | |
| | : | |
| Plaintiff, | : | Honorable J. Curtis Joyner |
| | : | |
| v. | : | No. 17-CV-4738 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was made available to opposing counsel as indicated below via the PACER system, as it was electronically filed:

Bret Grote, Esq.
Jamelia N. Morgan, Esq.
Abolitionist Law Center

Ashley Henderson, Esq.
Deneekie Grant, Esq.
Amistad Law Project

    /s/ Joseph Fulginiti
Joseph Fulginiti, Assistant Counsel
Attorney ID No.: 208039
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: josfulgini@pa.gov

Date: December 4, 2017